## Gillam v. Qualls.

(Decided May 11, 1926.)

### Appeal from Carter Circuit Court.

1.   Bills and Notes—Assignee for Value and Before Maturity of Negotiable Notes, which had Not Been Dishonored, Without Notice of Infirmity, Held "Holder in Due Course" (Ky. Stats., section 3720b-52).—Assignee for value and before maturity of negotiable notes, which had not previously been dishonored, without notice of infirmity or defect of assignor's title, held "holder in due course," within Ky. Stats., section 3720b-52.

2.   Bills and Notes—Evidence Held Insufficient to Warrant Reversal of Chancellor's Finding that Assignee of Notes had no Notice of Infirmity in Them or Defect in Assignor's Title.—Evidence held insufficient to warrant reversal of chancellor's finding that assignee of notes had no notice of infirmity in them or defect in assignor's title, though assignee was only witness to so testify, and he was opposed by three witnesses.

3.   Appeal and Error.—Mere numerical weight of testimony may not be regarded by Court of Appeals as conclusive.

4.   Appeal and Error.—Where on whole case it cannot be said with reasonable certainty that chancellor erred, his judgment will be affirmed.

BEN F. THOMPSON and G. W. E. WOLFORD for appellant.

JOHN M. THEOBALD and ALBERT J. COUNTS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant, Charles Gillam, purchased a tract of land from one Thomas King for $1,000.00, $550.00 of which was paid in cash, and for $450.00 of which he gave three promissory notes.   The notes were negotiable instruments in form and were assigned to appellee, James Qualls, before they fell due.   Appellant instituted this action against King and Qualls for the rescission of the deed of conveyance for the tract of land he had bought

and the cancellation of the $450.00 of purchase money lien notes and a refund of the $550.00 paid by him in cash. On the issue formed between appellant, Gillam, and King, the chancellor adjudged a rescission and cancellation of the deed; and that King refund to appellant the $550.00 paid in cash. King has not appealed, and consequently that feature of the case is not here.

Appellee, Qualls, filed separate answer pleading that he was a "holder in due course" of the notes sought to be cancelled, which appellant denied.

On the issue thus formed between appellant and appellee, the chancellor adjudged appellee to be a "holder in due course," and awarded him judgment against appellant for the amount of the notes with their accumulated interest, and directed a sale of the land to enforce their payment. Hence the appeal.

The evidence is uncontradicted that appellee purchased the notes and they were assigned to him before they were due. There is no evidence that any of them had been previously dishonored. The testimony is uncontradicted that he took the notes for value. The notes as drawn were negotiable instruments. In that state of case, under section 3720b-52, appellee was a "holder in due course," provided also that at the time the notes were negotiated to him he had no notice of any infirmity in them or defect in the title of the person negotiating them.

The case then presents an issue of fact on the narrow question suggested. On that question appellee alone testified for himself, and he stated that he purchased the notes and they were assigned to him by King without knowledge of any infirmity or defect in the title. He stated that he paid $400.00 for the notes. King corroborated him in that, and no testimony found in the record tends in the least to contradict the fact that he paid that sum for them. Appellant, who sought to cancel these notes, and one of his brothers and a third person related in no way to either of the parties, testified that at the time and place fixed by them they met appellee on one of the public highways of Carter county, near Olive Hill, and that appellee there told appellant that he was negotiating for the purchase of his notes from Thomas King. They testified that appellant thereupon informed appellee that he had a defense against the notes and intended to sue King on that account. Appellee denied having met the three persons named at the time and place fixed by

them, and denied that the conversation they testified to was had between them.

It is insisted for appellant that in view of the numerical weight of the evidence in his favor on the question of fact, this court must conclude that the chancellor's finding that appellee was a "holder in due course" was erroneous and must be reversed. It must be remembered, however, that the chancellor had the advantage of a personal knowledge of and acquaintance with the parties to this transaction, and that mere numerical weight of the testimony may not be regarded by this court as conclusive. Nothing found in the record tends to establish collusion between appellee, Qualls, and King, who negotiated the notes to him. It is wholly at variance with reason and business dealing that Qualls would have purchased the notes if he had been notified that the payor had a defense against them, because he then would have known that he would not be able to collect them, in any event without a lawsuit, and probably not at all. From his acquaintance with and knowledge of the witnesses testifying upon the question in issue, and taking into account the facts and circumstances surrounding the parties, the chancellor concluded that appellee purchased the notes in good faith and without notice of any infirmity in them or defect in the title of King, who negotiated them. The rule to which we adhere is that if upon the whole case the mind is left in such doubt that it can not be said with reasonable certainty that the chancellor has erred his judgment will be affirmed. We think this case falls clearly within that rule, and for the reasons indicated the judgment will be affirmed.

Judgment affirmed.